**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**MARIO L. TERRELL**                                                           **PLAINTIFF**

**VERSUS**                                         **CIVIL ACTION NO. 4:08-cv-31-TSL-LRA**

**CLARKE COUNTY, MISSISSIPPI, et al.**                            **DEFENDANTS**

MEMORANDUM OPINION AND ORDER

      Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 on April 9, 2008. On April 10, 2008, this court entered an order [3] directing plaintiff to sign and return to this court an Acknowledgment of Receipt and Certification (Form PSP-3) or a Notice of Voluntary Dismissal (Form PSP-4), within thirty days. The Acknowledgment of Receipt and Certification (Form PSP-3), states in part,

> "[I] have read the above statements [provisions of the PLRA], and fully understand that I am obligated to pay the full filing fee, even if I do not have enough money at this time. I have read the above statements, and fully understand that if this lawsuit is dismissed on grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, I may be barred from filing further lawsuits or appeal a judgment of this Court, and I may lose up to 180 days of earned 'good time' credits, if I am confined within the Mississippi Department of Corrections."

Order [3, p. 5].

      Plaintiff was warned in this order that his failure to timely comply with the requirements of the order may result in the dismissal of his complaint. Plaintiff failed to comply with this order.

      On June 2, 2008, an order [4] was entered directing plaintiff to show cause, on or before June 23, 2008, why this case should not be dismissed for his failure to timely comply with the

court's April 10, 2008 order. In addition, plaintiff was directed to comply with the April 10, 2008 order by filing the required documentation, on or before June 23, 2008. The show cause order warned plaintiff that failure to timely comply with the requirements of the order would lead to the dismissal of his complaint, without further notice. Plaintiff did not comply with the court's order.

This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Fed.R.Civ.P.41(b) and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the court. *Id.* at 629-30.

The plaintiff has not complied with two court orders nor has he contacted this court since April 9, 2008. The court concludes that dismissal of this action for plaintiff's failure to prosecute under FED.R.CIV.P.41(b) is proper. Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal will provide that dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

IT IS THEREFORE ORDERED AND ADJUDGED that the plaintiff's complaint shall be dismissed without prejudice. A Final Judgment in accordance with this Memorandum Opinion

and Order will be entered.

       SO ORDERED, this the  10th   day of July, 2008.


                              /s/Tom S. Lee  
                              UNITED STATES DISTRICT JUDGE